IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGELA MIRANDA-FERNANDEZ, et al.,

Plaintiffs,

v.

GRUPO MEDICO SAN PABLO, et al.,

Defendants.

CIVIL NO. 09-1966 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs Angela Miranda-Fernández (hereafter "plaintiff Miranda") and her husband Angel Pizarro-Rivera filed a Second Amended Complaint against individual defendants and against Grupo Médico San Pablo and San Pablo Physician Group (hereafter "SPPG") alleging discrimination in violation of the Americans with Disabilities Act of 1990 (hereafter "ADA"), the Rehabilitation Act of 1973, and pendent state law claims.[1] (Docket No. 72).

On January 10, 2012, co-defendants María Correa, Carmen Rivera, Dania Medina, and their respective husbands and conjugal partnerships, Dr. Ilia Zayas and Dr. Ismael Toro Grajales, and their conjugal partnership ("individual defendants" or their respective last names as appropriate), San Pablo Physician Group (hereafter "SPPG") and Grupo Médico San Pablo filed a Motion to Dismiss and/or Judgment on the Pleadings. (Docket No. 95). On January 27, 2012, plaintiffs filed their opposition. (Docket No. 97).[2]

---

[1] 42 U.S.C. §1201 *et seq.*; 29 U.S.C. §701 *et seq.*; P.R. Law No. 44, P.R. Laws Ann. tit. 1 section 501; Art. 1802-03, P.R. Civil Code, tit. 31 sections 5141-42; Law No. 80, 29 L.P.R.A. §185a *et seq.*

[2] The parties consented to jurisdiction by a Magistrate Judge for all further proceedings including the Jury Trial and entry of judgment. (Docket No. 90).

<u>Angela M. Miranda-Fernández, et al. v. Grupo Médico San Pablo, et al</u>
Civil No. 09-1966 (GAG)
Opinion and Order
Page No. 2

The co-defendants are requesting the Complaint be dismissed as to individual defendants María Correa, Carmen Rivera, Dania Medina and their respective husbands and conjugal partnerships, Dr. Ilia Zayas, Dr. Ismael Toro Grajales, and their economic society, SPPG and Grupo Médico San Pablo[3]:

    (1) the ADA nor the Rehabilitation Act provide for individual liability;

    (2) plaintiffs have failed to exhaust administrative remedies as to them;

    (3) this Federal District Court should not exercise supplemental jurisdiction as to the pendent state claims, if the federal claims are dismissed.

The co-defendants also request that tort claims under P.R. Civil Code Art. 1802 be dismissed for the alleged conduct is already covered by a more specific statute, P.R. Law No. 44.

Plaintiff Miranda's opposition to above defendants' requests has already conceded there is no individual liability under the ADA, the Rehabilitation Act or Law No. 44 and, thus, plaintiffs agree to the dismissal of said claims as to the individual defendants. Plaintiff also agrees that dismissal as to Law No. 80 claims as to the individual defendants is appropriate.

As such, we shall briefly discuss the remaining issues raised in the co-defendants' Motion for Judgment on the Pleadings and/or to Dismiss.

---

[3] Even though co-defendant Grupo Médico San Pablo appears among the defendants mentioned in the Motion for Judgment on the Pleadings and/or to Dismiss, no legal grounds in support of dismissal are submitted as to said co-defendant.

Angela M. Miranda-Fernández, et al. v. Grupo Médico San Pablo, et al
Civil No. 09-1966 (GAG)
Opinion and Order
Page No. 3

## STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS

The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

A motion to dismiss filed after the complaint has been answered is treated as a motion for judgment on the pleadings.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants

Case 3:09-cv-01966-CVR   Document 98   Filed 02/01/12   Page 4 of 9

Angela M. Miranda-Fernández, et al. v. Grupo Médico San Pablo, et al
Civil No. 09-1966 (GAG)
Opinion and Order
Page No. 4

to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).[4]

The First Circuit has cited to this decision and noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), wherein, as stated in part below indicated:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are still considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, ___U.S. ___, 129 S.Ct. 1937, 1949 (2009).

---

[4] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

**LEGAL DISCUSSION**

**A.    SPPG - Failure to Exhaust.**

Co-defendant SPPG requests dismissal of the complaint for plaintiffs failed to previously present administrative proceedings against SPPG and, thus, exhaust the remedies as required. Plaintiff Miranda is indeed required to file prior to judicial action a timely charge with the Equal Employment Opportunity Commission ("EEOC") and then, upon receipt of a right to sue letter for the corresponding defendant, a federal claim may follow. Bonilla v. Muebles J.J. Alvarez, 194 F.3d 275, 278 (1st Cir. 1999). Co-defendant SPPG submits it was not included in the administrative charge which plaintiff Miranda filed with the EEOC.[5] (Docket No. 1, Exhibit 1)[6]. Thus, administrative remedies were not exhausted as to said co-defendant.

Plaintiff Miranda's opposition has addressed SPPG's request for dismissal by submitting said co-defendant is but a single employer of Grupo Médico San Pablo, who is indeed identified in the EEOC charge. Plaintiff avers the administrative charge provided notice to both defendants as employer of plaintiff Miranda. Plaintiff Miranda argues that, under the single employee doctrine, two (2) nominally separate companies may be interrelated to constitute a single employer subject to liability under Title VII. Torres-

---

[5] The individual defendants were not named either in the Charge of Discrimination. However, since plaintiffs have agreed to dismissal of the ADA and Rehabilitation Act claims, there is no need to discuss the issue.

[6] An Amended Complaint was filed at Docket No. 52.

Negrón v. Merck & Company, Inc., 488 F.3d 34 (1st Cir. 2007) (As in the case of Title VII, the single employer test has been applied to determine liability under ADA).[7]

The single employer doctrine finds that two (2) nominally separate companies may constitute a single employer subject to liability and the Court must be able to examine the factors to reach the application of said doctrine. Among the factors to be assessed are the interrelation of operations; common management; centralized labor relations; common ownership. *See* Romano v. U-Haul Int'l, 233 F.3d 655, 662 (1st Cir. 2000); *see also* Cavallaro v. UMass Memorial Health Care, Inc., slip copy, 2011 WL 2295023 (D. Mass., June 08, 2011).[8]

Plaintiffs herein submit some of these facts weight against defendant SPPG which would avoid dismissal or judgment on the pleadings as to defendant SPPG. Evidently it has been shown by the submission of the facts to be elucidated that a judicial determination may not be reached on a motion to dismiss or upon a judgment on the pleadings at this stage of proceedings as to defendant SPPG.

Thus, defendant SPPG's request for dismissal for failure to exhaust administrative proceedings as to ADA and/or the Rehabilitation Act is DENIED.

---

[7] Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 (6th CIr. 1997) (single employer examination under ADEA and ADA provisions).

[8] *See also* NLRB v. Browning-Ferris Indus., Inc., 691 F.2d 1117, 1122 (3d Cir. 1982); Engelhardt v. S.P. Richards Co., 472 F.3d 1, 4 n.2 (1st Cir. 2006).

<u>Angela M. Miranda-Fernández, et al. v. Grupo Médico San Pablo, et al</u>
Civil No. 09-1966 (GAG)
Opinion and Order
Page No. 7

### B. Pendent/Supplemental Jurisdiction.

Defendant SPPG also requests the Court not to exercise jurisdiction as to state law claims included in the Complaint based on the understanding the federal claims filed against SPPG would be dismissed for failure to exhaust. Since the case is not ripe to entertain dismissal of the federal claim on the failure to exhaust doctrine as to SPPG, the premise under which dismissal was requested by said defendant SPPG is not available.

As to the individual defendants whose claims as to the federal ADA and Rehabilitation Act are to be dismissed for lack of individual liability, this Court may still retain jurisdiction on pendent state law within its discretionary authority. The Supreme Court has stated in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966), that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." However such statement in Gibbs "does not establish a mandatory rule to be applied inflexibly in all cases." *See* <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988); *see also* <u>Rosado v. Wyman</u>, 397 U.S. 397, 403-05 (1970).

To consider whether to exercise jurisdiction over pendent parties or state law supplemental claims, it must be examined if the claims share a common nucleus of operative fact with a claim over which federal courts have jurisdiction, and if so, the parties may expect to try the claims in the same proceedings. Pendent jurisdiction should also promote judicial economy and avoid jury confusion. *See* <u>Gibbs</u>.

Furthermore, a federal district court must exercise "informed discretion" when deciding whether to assert supplemental jurisdiction over state law claims. <u>Roche v. John Hancock Mutual Life Ins. Co.</u>, 81 F.3d 249, 256-57 (1st Cir. 1996); *see* <u>Redondo Construction</u>

Corp. v. Jose M. Izquierdo, 662 F.3d 42 (1st Cir. 2011) (a court dismissing all claims over which it has original federal jurisdiction is not obligated to decline to exercise supplemental jurisdiction over remaining state law claims).

Thus, a this early stage of the proceedings, the Court will continue to exercise jurisdiction on any related state law claims because the federal claims survive and upon consideration of the criteria exposed in Redondo.

**C.     Tort Claims under §1802 and/or Law No. 44.**

Defendants submit state tort claims presented in the complaint under Article 1802 should be dismissed for a more specific law provides relief, in particular Law No. 44.

Plaintiffs' opposition avers that Law No. 44 is to be construed solely as to the employer, upon lack of individual liability already discussed above, while tort claims are included so as to allow co-plaintiff Pizarro, plaintiff Miranda's spouse, to recover as to the individual defendants.  Plaintiffs contend Pizarro, as relative of a person who has been forced by an employer to resign because of harassment and/or discrimination, may obtain redress through Article 1802 in keeping with general principles of extra contractual (tort) liability.

Article 1802 of the Puerto Rico Civil Code provides a cause of action to relatives of a tort victim, including individuals suffering from employment discrimination. Santini-Rivera v. Service Air, Inc., 94 J.T.S. 121 (1994) (the Puerto Rico Supreme Court referred to this cause of action as flowing from or contingent upon the underlying discrimination claim of the employee). See González-Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318

(1st Cir. 2009).[9] Said cause of action is independently founded in the general tort provision of the Civil Code (Article 1802) and not in the anti-discrimination laws. Campos Otros v. Banco de Ponce, 138 D.P.R. 366, 370-71 (1975) (creating independent action besides law No. 80 or Law No. 100, as to unjustified dismissal or state anti-discrimination provisions).[10]

Accordingly, the request to dismiss Article 1802 *vis a vis* the claims raised under Law No. 44, is Denied.

## CONCLUSION

In view of the above discussed, defendants' Motion to Dismiss and/or for Judgment on the Pleadings (Docket No. 95) is **GRANTED IN PART AND DENIED IN PART** as follows:

- IT IS GRANTED as to individual co-defendants María Correa, Carmen Rivera and Dania Medina, and their respective husbands and conjugal partnerships, Dr. Ilia Zayas, Dr. Ismael Toro Grajales and their economic society, insofar as the ADA, Rehabilitation Act and state Law No. 44 and Law No. 80.
- IT IS DENIED as to defendant San Pablo Physician Group.
- IT IS DENIED as to supplemental state claims as to all defendants.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 1st day of February of 2012.

                                       s/CAMILLE L. VELEZ-RIVE
                                       CAMILLE L. VELEZ-RIVE
                                       UNITED STATES MAGISTRATE JUDGE

---

[9] Article 1802, under certain circumstances, has been authoritatively interpreted to provide a cause of action in favor of close kinfolk of a victim of unlawful workplace discrimination.

[10] *See* Marcano-Rivera v. Pueblo Intern., Inc., 232 F.3d 245, 258 n.7 (1st Cir. 2000).